IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE MORAN, INDIVIDUALLY AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF HARRISON MORAN, DECEASED, and JONATHAN LADNER | § § § § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:06CV699-LG-JMR |
| MICHAEL D. CALLAHAN, II, HALL CONSTRUCTION COMPANY, LLC, and JOHN DOES 2-10 | § § § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING HALL'S MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT are Defendants Michael D. Callahan, II, and Hall Construction Company, LLC's [66 and 68] Motions for Summary Judgment[1]. Plaintiffs initiated this action for personal injuries arising out of an automobile collision with Callahan. Defendants move for partial summary judgment on the grounds that Ladner was negligent per se. Additionally, Hall argues that it is not vicariously liable for Callahan's actions. The Court has considered the parties' briefs, the record, and the relevant legal authority. Both motions are denied.

---

[1] Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment contains a separate request for summary judgment. Pursuant to Rule 7.2 of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, "a written communication with the court that is intended to be an application for relief or other action by the court *shall be presented by a motion* in the form prescribed by this rule." (emphasis added)  In addition, dispositive motions were due by August 31, 2007. Rule 7.2(K) provides that any motion served beyond the motion deadline may be denied solely because it is untimely. Consequently, Plaintiffs' untimely request for relief which is intermingled with the Response to the Defendants' Motion for Partial Summary Judgment will not be considered.

## FACTS AND PROCEDURAL HISTORY

Although a resident of South Carolina, Callahan was on the Mississippi Gulf Coast for about two months working for Hall on hurricane debris removal.  At approximately 6:15 p.m. on February 1, 2006, Plaintiffs were involved in a motor vehicle collision with Callahan at the intersection of Lake Street and Avenue B in Bay St. Louis, Mississippi.  The intersection was a two-way stop, with stop signs posted on Lake Street.  Ladner was driving on Avenue B, which was the through street, and Harrison Moran was his passenger.  Callahan was traveling on Lake Street.  Neither Ladner nor Callahan stopped or slowed down before entering the intersection.  Both deny seeing each other until immediately before the point of impact.  The front of Ladner's truck hit the driver's side of Callahan's truck.  Ladner and Callahan sustained personal injuries, but the accident proved fatal for Mr. Moran.

## DISCUSSION

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56.  To make this determination, the Court must view the evidence in the light most favorable to the non-moving party.  *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  A "material fact" is one that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*  The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-26 (1986).  "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

NEGLIGENCE PER SE

Defendants argue that Ladner was negligent per se because he was speeding and did not slow down when approaching the intersection.

I. WAS LADNER SPEEDING?

First the Court finds there is a genuine issue of material fact as to whether Ladner was speeding.  Georganne Kinney testified that she saw Ladner speeding immediately before the collision.  Sergeant Todd Donald Drummond of the Hancock County Sheriff Department testified that Ladner admitted he was speeding.  Ladner testified that he did not remember making that statement or remember his speed.  He testified the road in question was rough and full of potholes so he could not have gone more than forty-five miles per hour.  There is a factual dispute as to whether the applicable speed limit was thirty-five or twenty-five miles per hour.  There is also a factual dispute as to whether any speed limit signs were posted on Avenue B at the time.  Thus, viewed in the light most favorable to Plaintiffs, Defendants are not entitled to summary judgment on this issue.

II. IS LADNER NEGLIGENT PER SE FOR FAILURE TO SLOW DOWN?

By statute, a driver is required to "decrease his speed when approaching and crossing an intersection . . . or when a special hazard exists with respect to . . . other traffic." Miss. Code Ann. § 63-5-505 (2007).  However, one who is traveling on a through road (Ladner) is "entitled to assume that crossing traffic [(Callahan)] will obey stop signs, look for oncoming vehicles" and otherwise yield. *Vines v. Windham*, 606 So. 2d 128, 131 (Miss. 1992).  This entitlement "exists

3

only until he knows or in the exercise of ordinary care should know otherwise." *Clark v. Clark*, 863 So. 2d 1027, 1031 (¶19) (Miss. Ct. App. 2004).

It is undisputed that Ladner did not slow down upon approaching the intersection. Despite this statutory language, the Mississippi courts have held that even when it is admitted that one party did not slow down upon approaching an intersection, it is a question for the jury as to whether that conduct constitutes negligence under the circumstances. *Id.* at 1033 (¶28). Therefore, Defendants are not entitled to judgment as a matter of law on this question.

<u>VICARIOUS LIABILITY</u>

Hall argues that it is not vicariously liable for Callahan's actions because Callahan was an independent contractor. In the alternative, Hall avers that the accident occurred outside of the course and scope of Callahan's employment.

I. <u>EMPLOYMENT STATUS</u>

The Court finds that Hall has failed to demonstrate the absence of a dispute of material fact as to Callahan's employment status. Indeed, Hall admits in its motion that there is some evidence in Plaintiffs' favor on this issue.

II. <u>COURSE AND SCOPE OF CALLAHAN'S EMPLOYMENT</u>

The conduct of an employee is within the scope of employment if (1) it is of the kind he is employed to perform, (2) it occurs substantially within the authorized time and space limits, and (3) it is actuated, at least in part, by a purpose to serve the employer. *Marter v. Scott*, 514 So. 2d 1240, 1242 (Miss. 1987).

At the time of the accident, Callahan had just dropped off Steve Wayne Ledbetter, a co-worker, at the work site near the intersection of Lake Street and Avenue B. Callahan was returning to the campsite, provided and paid for by Hall. Callahan stayed at this campsite with fellow co-

workers the entire time he was on the Coast working for Hall.  Ledbetter had asked Callahan to take him to the work site to pick up Ledbetter's personal vehicle.  Ledbetter was without his personal vehicle, because he had to transfer equipment (a transfer truck) to the campsite.  Hall supervisors Jason Willis and Marcus Vanvlake had informed Ledbetter that it would be an hour before either one of them could give him this ride.  Willis testified it was common for employees to need and provide rides to the work site.  This is evidence that Callahan was performing a task that was of the type he was expected to perform, substantially within the authorized time and space limits, and was actuated at least in part by a purpose to serve the employer.

Therefore, whether Hall is vicariously liable for Callahan's conduct remains a jury issue.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, Defendants' [68] Motion for Partial Summary Judgment is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that for the reasons stated above, Hall's [66] Motion for Summary Judgment is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of December, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE